# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE L. CLARK,<br><br>            Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | Case No.  1:16-cv-00437-SAB<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO FILE OPENING BRIEF<br><br>FIVE DAY DEADLINE |

Plaintiff Christine Clark filed a complaint on March 29, 2016 challenging the Commissioner of Social Security denial of benefits.  On February 17, 2017, the parties filed a stipulation for an extension of time for Plaintiff to file her opening brief.  On February 21, 2017, an order issued granting the parties stipulation to extend time.  Pursuant to the stipulation of the parties, Plaintiff's opening brief was to be filed on or before March 23, 2017.  Plaintiff did not file an opening brief in compliance with the February 21, 2017 order.

Previously, the undersigned has entered orders addressing the failure of counsel for Plaintiff to comply with deadlines in cases before the Court.  See Devore v. Comm. of Soc. Sec., No. 1:14-cv-00663-SAB (E.D. Cal. Jan. 8, 2015) (order to show cause for failure to file opening brief); Kneeland v. Comm. of Soc. Sec., No. 1:13-cv-01774-SAB (E.D. Cal. Sept. 11, 2014) (same); Alanis v. Comm. of Soc. Sec., No. 1:13-cv-01306-SAB (E.D. Cal. May 20, 2014) (same); Walters v. Comm. of Soc. Sec., No. 1:14-cv-00827-SAB (E.D. Cal. Sept. 25, 2014) (directing Plaintiff to file notice of status of service); Hernandez v. Comm. Soc. Sec., No. 1:15-cv-01684-SAB (same); Holguin v. Comm. of Soc. Sec., No. 1:15-cv-00753-SAB (E.D. Cal. Dec.

18, 2015) (same).  Most recently in Duke v. Comm. of Soc. Sec., No. 1:16-cv-00333-SAB (E.D. Cal.), the Court issued an order requiring the plaintiff to show cause for the failure to file an opening brief in compliance with an order approving the stipulation of the parties.

In the order discharging the order to show cause in Duke, counsel was advised that while the Court was sympathetic to his situation due to the tragic passing of his spouse, "the issue in the Court's mind is that counsel has continued to fail to put in place a system by which to track due dates in pending cases."  (Duke, No. 1:16-cv-00333-SAB, ECF No. 17.)  Counsel was advised that if the plaintiff "needs additional time to comply with the scheduling order then a stipulation or request for extension needs to be filed prior to the due date."  Id.

Counsel had opening briefs due on March 23 and 24, 2017, in two actions before this court, the current action and Alvarado v. Comm. of Soc. Sec., No. 1:16-cv-00746-SAB (E.D. Cal.). Opening briefs were not timely filed in either action.[1]  The Court finds this to be a systematic issue in counsel's cases pending before the undersigned.  Further, the Court suspects that this is a systemic issue in other cases in which counsel is representing the appellant in a Social Security action.  See Montalvo v. Comm. of Soc. Sec., No. 1:16-cv-00606-BAM (E.D. Cal.) (opening brief not filed by March 28, 2017 deadline); Messerli v. Comm. Soc. Sec., No. 1:16-cv-00800-SKO (E. D. Cal.) (same); DeJean v. Comm. of Soc. Sec., No. 1:16-cv-00319-EPG (E.D. Cal.) (opening brief not filed by March 24, 2017 deadline).  Due to the underlying circumstances of counsel's spouse's illness, the Court has attempted to be tolerant of the extensions of time and failure to comply with the scheduling orders, but at this juncture the Court is concerned that the lives and rights of counsel's clients are being negatively affected by Plaintiff's counsel's failure to comply with deadlines in these cases.

Accordingly, the Court shall require counsel to show cause in writing why sanctions should not issue for the failure to comply with orders of this Court.  Specifically, the Court shall require Plaintiff's counsel to formulate a plan to address future conformity with orders of this Court. Counsel shall file a detailed plan addressing how he, **along with members of his firm**, shall address the cases pending before the undersigned.  The Court shall also require the managing partner(s) of

---

[1] On March 27, 2017, the parties filed a stipulation for an extension of time to file the opening brief that shall be addressed by separate order in Alvarado.

counsel's firm to approve and sign the plan which is submitted to this Court. The pending cases before the undersigned which have not been fully briefed are: Duke v. Commissioner of Social Security, No. 1:16-cv-00333-SAB; Clark v. Commissioner of Social Security, No. 1:16-cv-00437-SAB; Alvarado v. Commissioner of Social Security, No. 1:16-cv-00746-SAB; Lira v. Commissioner of Social Security, No. 1:16-cv-01030-SAB; and Moreno v. Commissioner of Social Security, No. 1:16-cv-01600-SAB. The Court shall also require Plaintiff's counsel to serve this order on his client and the managing partner(s) of his firm and file proofs of service with the Court.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Within five (5) days from the entry of this order, Steven Rosales shall file a detailed plan addressing how the scheduling orders will be complied with in the cases pending before the undersigned;

2. Plaintiff's counsel shall serve this order on Plaintiff and the firm's managing partner(s) within five (5) days of the date of service of this order; and

3. Within five (5) days of serving this order on Plaintiff, counsel shall file proofs of service.

IT IS SO ORDERED.

Dated: **March 29, 2017**

UNITED STATES MAGISTRATE JUDGE